FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS WALLACE PATTERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KENDLE ALLEN; LOREN ERDMAN; and MIKE SWIM, also known as Deputy Swim,<br><br>　　　　　Defendants. | NO: 2:16-CV-442-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is a motion by Plaintiff Dennis Wallace Patterson for a protective order, filed on January 10, 2019. ECF No. 66. Defendants responded on January 11, 2019. ECF Nos. 67 (response brief) and 68 (declaration of Defendants' counsel). Plaintiff's motion and Defendants' response present a straightforward dispute: Defendants seek to depose Plaintiff in Spokane, Washington, on January 22, 2019, and Plaintiff wants the deposition, instead, to take place by telephone or in person in Reno, Nevada. Defendants also seek

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 1

attorney's fees for "having to defend against [Plaintiff's] frivolous motion." ECF No. 67 at 11.

In light of the urgency for the parties to arrange for Plaintiff's travel to the scheduled deposition, the Court finds good cause to expedite hearing of Plaintiff's motion. LCivR 7(i)(2). However, the Court does not resolve Defendants' request for attorney's fees at this time, and will allow Plaintiff an opportunity to respond as provided at the end of this Order. Having reviewed Plaintiff's motion for protective order, Defendants' response, and the relevant law, this Court finds that Plaintiff's motion lacks merit and shall be denied.

## BACKGROUND

Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff claims in his Fifth Amended Complaint that Defendants, in their official roles in Stevens County, deprived him of rights protected by the United States Constitution and the Americans with Disabilities Act, in violation of 42 U.S.C. § 1983. ECF No. 35.

At the outset of this case, Plaintiff was a resident of Deer Park, Washington, within the District of Eastern Washington. However, during the pendency of this case, Plaintiff has notified the Court of two "temporary mailing address[es]" outside of Washington: first, a postal box in Glide, Oregon; and, second, as of August 23, 2018, a street address in Winnemucca, Nevada. ECF Nos. 36 and 49.

Plaintiff asserts in his motion for a protective order that he lacks "the means to travel to Spokane at this time[,]" that he began a new job on December 27, 2018,

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 2

and that he "now [has] medical insurance and will begin treatment and therapy." ECF No. 66 at 1−2. Plaintiff does not specify what ailment the treatment and therapy will address. Plaintiff represents that Defendants offered to "loan" him funds to travel to Spokane for the deposition, but not to travel back to Nevada. *Id.* He also asserts that he has repeatedly offered to be deposed by telephone or in writing and, as an "offer of compromise" proposed that Defendants take his deposition in person in Reno, Nevada. *Id.*

Defendants provide a declaration from defense counsel and copies of email correspondence between counsel and Plaintiff demonstrating that Defendants offered to pay for Plaintiff's travel "to and from Spokane" for the deposition, as recently as December 20, 2018. ECF Nos. 68 and 68-9. Specifically, Defendants offered to pay for Plaintiff's "flight to Spokane, one night accommodation in Spokane, and [his] meals while en route to Spokane and in Spokane." ECF No. 68-7 at 3. Defendants also provide documentation of their efforts to depose Plaintiff on October 30, 2018, a deposition at which Plaintiff did not appear after informing Defendants that he did not have the means to travel to Spokane at that time. ECF No. 68 at 2−3. Finally, Defendants highlight that the temporary address that Plaintiff provided in Winnemucca is 165 miles from Reno. ECF No. 67 at 9.

///

///

# RELEVANT LAW

A Court may, in its discretion, grant a protective order "specifying terms, including time and place or the allocation of expenses" for a deposition, or other form of discovery. Fed. R. Civ. P. 26(c)(1)(A). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)

As alluded to by Plaintiff, ECF No. 66 at 1, a party may subpoena a non-party who possesses potentially relevant information to attend a deposition either within 100 miles of or within the state where the non-party "resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1). However, as a general rule, plaintiffs "must make themselves 'available for examination in the district in which suit was brought[.]'" *EEOC v. Denny's, Inc.*, 2009 U.S. Dist. LEXIS 91707, at *3−4 (D. Md. Oct. 2, 2009) (quoting 8a Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2112 (2d ed. 2009)).

"To overcome the presumption that a plaintiff's deposition shall take place in the district in which plaintiff filed suit, the 'plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum.'" *Fenerjian v. Nong Shim Co.*, 2016 U.S. Dist. LEXIS at *11−12 (N.D. Cal. Mar. 15, 2016) (quoting *Mullins v. Premier Nutrition Corp.*, 2014 U.S. Dist. LEXIS 113840 at *1 (N.D. Cal. Aug. 15, 2014)).

Otherwise stated, a plaintiff "must persuasively demonstrate that requiring him to travel to the forum district . . . would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair." *Lifetouch Nat'l Sch. Studios, Inc. v. Moss-Williams*, 2011 U.S. Dist. LEXIS 119604 at *3 (N.D. Cal. Oct. 17, 2011) (quoting *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) (internal quotation omitted)). The expense involved for a party attending a deposition is a significant consideration in determining whether a court should intervene to allow a plaintiff to be deposed closer to his residence. *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.RD. 625, 628−29 (N.D. Cal. 2005) (citing Write, Miller, & Marcus, *Federal Practice and Procedure: Civil 2d § 2112* at 84−85 (1994 rev.)).

## DISCUSSION

Plaintiff asserts only that his lack of means, new job, and plans to begin "treatment and therapy" prevent him from traveling to Spokane. However, Plaintiff does not address why those factors make it an "impossibility" for him to attend a deposition in Spokane on January 22, 2019, particularly in light of Defendants' offer to cover his travel costs. *See Lifetouch Nat'l Sch. Studios, Inc.*, 2011 U.S. Dist. LEXIS 119604 at *3. Accordingly, Plaintiff has not met his burden of demonstrating to the Court that he would be prejudiced or harmed by traveling to Spokane for his deposition, at Defendants' expense. A protective order is not warranted under the circumstances shown by the record here.

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 5

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Protective Order, **ECF No. 66**, is **DENIED**.

2. Plaintiff shall file any response to Defendants' request for attorneys' fees incurred in responding to Plaintiff's motion for protective order **no later than January 29, 2019**.

The District Court Clerk is directed to enter this Order and provide copies to Plaintiff and counsel.

**DATED** January 15, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge