FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS WALLACE PATTERSON,<br><br>    Plaintiff,<br><br>v.<br><br>KENDLE ALLEN; LOREN ERDMAN; and MIKE SWIM, also known as Deputy Swim,<br><br>    Defendants. | NO: 2:16-CV-442-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND PROVIDING NOTICE OF POTENTIAL SANCTIONS |

BEFORE THE COURT is a motion by Plaintiff Dennis Wallace Patterson to reconsider the Court's denial of his motion for a protective order, ECF No. 71. Having reviewed Plaintiff's motion, the response and supporting documents submitted by Defendants Kendle Allen, Loren Erdman and Mike Swim, ECF Nos. 72 and 73, and Plaintiff's reply and attachments, ECF No. 74, the Court is fully informed.

///

///

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND PROVIDING NOTICE OF POTENTIAL SANCTIONS ~ 1

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration of a discovery determination. In the context of a decision on the merits, reconsideration generally is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## DISCUSSION

As the Court determined in its order denying Plaintiff's motion for a protective order, ECF No. 69, the 100-mile exception to requiring a deponent to attend a deposition does not apply to Plaintiff, as a party. *See* Fed. R. Civ. P. 45(c)(1). Rather, the general rule is that a plaintiff must make himself available for deposition in the district in which he filed the lawsuit. *See* ECF No. 69 at 4 (citing authorities). Plaintiff must overcome that presumption if he wishes to deviate from the general rule by showing that he will suffer undue hardship or that other exceptional circumstances "justify his refusal to travel to his chosen forum." *Id.* (quoting *Fenerjian v. Nong Shim Co.*, 2016 U.S. Dist. LEXIS at *11−12 (N.D. Cal. Mar. 15, 2016) (internal quotation omitted)). A district court may enter a protective order only upon a showing of specific prejudice or harm by the party seeking the order. *Id.*

Although Plaintiff is representing himself in this matter, "[i]n general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Hupp v. San Diego Cty.*, 2014 U.S. Dist. LEXIS 52741 at *2 (S.D. Cal. Apr. 10, 2014). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). The Court expects Mr. Patterson to read and follow the Federal Rules of Civil Procedure when representing himself in this case. In addition, the Court expects Mr. Patterson to adhere to the Court's previous orders.

In seeking reconsideration of the issue of whether Mr. Patterson must appear in person to be deposed when Defendants have offered flexibility in the timing of the deposition and have offered payment of Mr. Patterson's travel and lodging expenses, Plaintiff has provided no evidence that the Court's prior determination was clear error, was manifestly unjust, or should be revisited based on newly discovered evidence. Despite the additional briefing submitted by Mr. Patterson, Plaintiff fails to provide sufficient evidence to support that he will suffer undue hardship by traveling to Spokane for a deposition, especially in light of Plaintiff's decision to pursue a lawsuit for events that occurred in this district. The concept of undue hardship is further undermined by Defendants' offer to pay for

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND PROVIDING NOTICE OF POTENTIAL SANCTIONS ~ 3

transportation and travel costs and Defendants' counsel's offer to take Plaintiff's "live deposition in Spokane on a weekend." ECF No. 73 at 4.

The Court finds no basis to reach a different conclusion from its order at ECF No. 69. Instead, the Court again finds that a protective order is not justified under the circumstances that Plaintiff has shown. Plaintiff must appear in person in Spokane, Washington, for his deposition.

## NOTICE OF POTENTIAL SANCTIONS

The Federal Rules of Civil Procedure provide the Court with authority to sanction a party for failure to abide by the rules, including failure to participate in depositions and other discovery processes. The Court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Sanctions can include monetary penalties against the party, in this case Mr. Patterson, who fails to participate in a deposition.

Federal Rule of Civil Procedure 37 also "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). **Under "extreme circumstances," where a violation of the discovery rules or disregard of a court order is "due to willfulness, bad faith, or fault of the party," a court may**

**impose the sanction of dismissal of the action in its entirety.** *Allen v. Exxon Corp. (In re Exxon Valdez)*, 102 F.3d 429, 432 (9th Cir. 1996).

Although the Court declines to award Defendants their attorney's fees for addressing Plaintiff's deposition-related motions at this time, the Court gives Mr. Patterson clear notice that if he further disrupts this litigation by failing to participate in the deposition or failing to follow the Federal Rules of Civil Procedure, any Local Rules, or any order of this Court, Mr. Patterson likely will face sanctions, up to and including dismissal of his case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration, **ECF No. 71**, is **DENIED**.
2. Plaintiff shall review and abide by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Washington and all orders by this Court.

The District Court Clerk is directed to enter this Order and provide copies to Plaintiff and counsel.

**DATED** January 30, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge