FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 08, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS WALLACE PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>KENDLE ALLEN; LOREN ERDMAN; and MIKE SWIM, also known as Deputy Swim,<br><br>Defendants. | NO: 2:16-CV-442-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is a motion by Defendants Kendle Allen, Loren Erdman, and Mike Swim to dismiss this case based upon Plaintiff Dennis Patterson's alleged failure to comply with Court orders. ECF No. 77. In addition to reviewing Defendants' motion to dismiss, ECF No. 77, and supporting declaration and exhibits, ECF No. 78, the Court has reviewed Plaintiff's response and attachment, ECF No. 81, and Defendants' reply, ECF No. 82, and accompanying declaration and exhibits, ECF No. 83; has researched the relevant law; and is fully informed.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

## BACKGROUND

Plaintiff is proceeding *pro se* and *in forma pauperis* pursuing a claim under 42 U.S.C. § 1983 that Defendants, in their official roles in Stevens County, Washington, deprived him of rights protected by the United States Constitution and the Americans with Disabilities Act. ECF No. 35. Plaintiff filed his first complaint on December 21, 2016. ECF No. 1. The Court screened five amended versions of Plaintiff's complaint, dismissing some of the claims and defendants in the process, before directing the United States Marshal to serve the fifth amended complaint on remaining Defendants Mr. Allen, Mr. Erdman, and Mr. Swim, in an order issued on May 31, 2018. ECF No. 37. The parties participated in a jury trial scheduling conference on October 12, 2018, and, pursuant to that conference, the Court set a discovery deadline of March 1, 2019. ECF No. 56.

At the outset of the case, Plaintiff provided a mailing address in Deer Park, Washington, within the Eastern District of Washington. However, during the pendency of this case, Plaintiff has notified the Court of two "temporary mailing address[es]" outside of Washington: first, a postal box in Glide, Oregon; and, second, as of August 23, 2018, a street address in Winnemucca, Nevada. ECF Nos. 36 and 49.

On approximately October 17, 2018, Defendants notified Mr. Patterson of a deposition at defense counsel's law firm in Spokane, Washington, on October 30, 2018, inviting Mr. Patterson to propose an alternative date "that works for

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

everyone" if he could not attend the deposition as originally scheduled. ECF No. 68-1 at 2. Mr. Patterson responded by email on October 21, 2018, that October 30, 2018, was "fine," but he had "no means at [the] time to travel to Spokane." ECF No. 68-2 at 2. Mr. Patterson asked if the deposition could be accomplished telephonically or in person, instead. *Id.* Defense counsel responded to Mr. Patterson on October 22, 2018, that "court rules and case law" entitled them to depose Mr. Patterson in Spokane because it is within the Eastern District of Washington, where he filed the lawsuit. ECF No. 68-3 at 2. Defense counsel further indicated that Mr. Patterson could move for an order of protection, but that Defendants expected to depose Plaintiff on the date that he had indicated was suitable, October 30. *Id.* On October 29, 2018, defense counsel emailed a reminder to Mr. Patterson of the October 30, 2018 deposition at defense counsel's office in Spokane. ECF No. 68-4 at 2. Mr. Patterson did not attend the deposition on October 30, 2018, and defense counsel contacted him by email the same day to indicate that Defendants would reschedule the deposition and seek a Court order for Plaintiff to pay the costs for the court reporter and, furthermore, would seek to have his lawsuit dismissed if he failed to cooperate in discovery. ECF No. 68-5 at 2.

Mr. Patterson next emailed defense counsel on November 1, 2019, offering to participate in a deposition by telephone or in writing. ECF No. 68-6 at 2. Mr. Patterson wrote, in addition, "Unless you are loaning me the funds to get to

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

Spokane DO NOT re-schedule the Deposition in person." *Id.* (emphasis in original).

In a letter dated December 19, 2018, Defendants offered to pay for Mr. Patterson's travel to and from Spokane for a deposition, and asked Mr. Patterson for dates in January 2019 when he would be available to be deposed. ECF No. 68-9. Mr. Patterson emailed defense counsel in response on December 20, 2018, characterizing Defendants' offer to pay for his travel as "disingenuous" since it did not "get [him] home." ECF No. 68-8 at 2. Plaintiff further claimed to be "unable to take time off" from a new job and "beginning a series of medical treatments, some of which address residual effects of your clients' actions." *Id.* Defense counsel responded the same day to clarify that Defendants would pay for Plaintiff's travel to and from Spokane and to emphasize that Plaintiff could appear in person for a deposition or file a motion for a protective order. ECF No. 68-9 at 2.

On December 21, 2018, Plaintiff wrote to defense counsel confirming that he had received a second amended notice of deposition scheduling a deposition for January 22, 2019, at defense counsel's office in Spokane. ECF No. 68-10 at 2. Mr. Patterson wrote, "You have done this despite my repeated communications alerting you of my inability to travel to Spokane and therefore making myself available via phone or written deposition. If your intent is to depose me, you could have done so by now." *Id.* Plaintiff proposed scheduling his deposition in Reno,

Nevada, with at least two weeks' notice to allow him to "trade shifts at work and re-schedule medical appointments." *Id.* Defendant responded the same day stating, in most pertinent part, "Absent a protective order from the Court, we expect to see you on January 22, 2019. If you want us to pay for the travel and associated expenses, you need to let [the firm's legal assistant] know details about when you want to travel so that she can book the flights." ECF No. 68-11 at 2.

On January 10, 2019, Plaintiff moved for a protective order, asserting that, despite Defendants' offer to pay for his travel and lodging, he could not come to Spokane because he "began a new job on December 27, 2018," and, with his new medical insurance, he planned to "begin treatment and therapy." ECF No. 66 at 2. Defendants opposed the motion and requested attorney's fees for having to defend against Plaintiff's request for a protective order. ECF Nos. 67 and 68. The Court found that Plaintiff's motion lacked merit by failing to demonstrate why requiring him to travel to Spokane, within the forum district, would be practically impossible, for physical or financial reasons, or would otherwise be fundamentally unfair. ECF No. 69 at 5. The Court further concluded, that in light of Defendants' offer to pay for Plaintiff's travel expenses, and without any explanation from Plaintiff of why his two additional proffered impediments to travel actually made travel to Spokane impracticable, Plaintiff had not shown any prejudice or harm from an in person deposition. *Id.* The Court issued its order denying Plaintiff's

motion for a protective order on an expedited basis on January 15, 2019. *Id.* at 1−2.

On January 23, 2019, Mr. Patterson moved to reconsider the Court's order. ECF No. 71. Defendants opposed reconsideration, but offered to take Plaintiff's in person deposition in Spokane over a weekend. ECF No. 73 at 4. Defendants re-noted Plaintiff's deposition for February 15, 2019. ECF No. 83 at 1−2. The Court considered the parties' submissions regarding Plaintiff's motion for reconsideration and denied the motion on January 30, 2019, concluding:

> The Court finds no basis to reach a different conclusion from its order at ECF No. 69. Instead, the Court again finds that a protective order is not justified under the circumstances that Plaintiff has shown. ***Plaintiff must appear in person in Spokane, Washington, for his deposition***.

ECF No. 75 at 4 (emphasis added).

The Court further notified Mr. Patterson of potential sanctions for continued disregard of the rules and a failure to abide by court orders, including:

> **Under "extreme circumstances," where a violation of the discovery rules or disregard of a court order is "due to willfulness, bad faith, or fault of the party," a court may impose the sanction of dismissal of the action in its entirety.** *Allen v. Exxon Corp. (In re Exxon Valdez)*, 102 F.3d 429, 432 (9th Cir. 1996).

> Although the Court declines to award Defendants their attorney's fees for addressing Plaintiff's deposition-related motions at this time, the Court gives Mr. Patterson clear notice that if he further disrupts this litigation by failing to participate in the deposition or failing to follow the Federal Rules of Civil Procedure, any Local Rules, or any order of this Court, Mr. Patterson likely will face sanctions, up to and including dismissal of his case.

*Id.* at at 4−5 (emphasis in original).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

On February 11, 2019, Defendants filed the instant motion to dismiss based on Plaintiff's noncompliance with the discovery rules and the Court's orders. ECF No. 77. Plaintiff did not appear for the scheduled deposition on February 15, 2019. *Id.* at 2.

In addition to arguing against Defendants' motion in Plaintiff's response, he provided a letter dated February 14, 2019, from his doctor, duplicated here with brackets indicating where the copy provided to the Court omitted or cut off certain words:

> I recently evaluated my new patient Mr. Dennis Patterson on 2/13/2019. Due to his unresolved medical i[. . .] I believe Mr. Patterson should not be traveling long distances outside the state of Nevada until furthe[. . .] diagnosis and treatment have concluded for at least one month.

ECF No. 81 at 6.

Plaintiff contends that his doctor's "restriction on travel at this time" serves to "prevent disruption to my daily medical regimen which includes two hours of exercise, an organic diet, deep meditation and a regular sleep schedule." ECF No. 81 at 4−5. Plaintiff offers, "I pray that earned time off from my job and improved medical condition will clear the way for unimpeded attendance in Spokane by the August trial date." *Id.* at 5.

## LEGAL STANDARD

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions, including where appropriate, default or dismissal.'" *Johnson v. Beard*, 2019 U.S. Dist. LEXIS 20218 at *4 (Feb.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

7, 2019) (quoting *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)). In addition, terminating sanctions are a subset of the consequences available under Rule 37 for a failure to attend properly noted depositions or a failure to comply with a court order enforcing the discovery rules. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), (d); *see also Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 589 (9th Cir. 1983). Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007).

However, such a harsh penalty "should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). To warrant terminating sanctions, the party's conduct must have been "'due to willfulness, fault, or bad faith.'" *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997)).

District courts must weigh the following factors to determine whether terminating sanctions are appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Computer Task Group*, 364 F.3d at 1115 (internal quotation omitted) (brackets in original).

"Due process concerns further require that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threatens to interfere with the rightful decision of the case.'" *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (quoting *Wyle*, 709 F.2d at 591). Sanctions violate due process when they terminate a litigant's claim "merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Loop Ai Labs Inc. v. Gattie*, No. 15-cv-798-HSG, 2017 U.S. Dist. LEXIS 34109, at *27 (N.D. Cal. Mar. 9, 2017) (citing *G-K Props. v. Redev. Agency*, 577 F.2d 645, 648 (9th Cir. 1978)).

## DISCUSSION

"Where a court order is violated, the first and second factors will favor sanctions, and the fourth will cut against them." *Computer Task Group*, 364 F.3d at 1115. Therefore, the Court first determines whether Plaintiff has violated any of the Court's orders, as argued by Defendants in their motion for the Court to impose terminating sanctions. *See* ECF Nos. 77 and 82. Plaintiff maintains that he has not disregarded a court order because he does not interpret the Court's orders as requiring him to appear in person at a deposition. ECF No. 81 at 2. Rather, Plaintiff argues, the Court's prior order(s) merely address a "failure" to participate in the deposition, and he contends that his willingness to appear by telephone or in writing, and, more recently, by video, satisfy the relevant rules and demonstrate a readiness to comply with what the Court ordered. *Id.*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9

Studying the background to the present question of whether terminating sanctions are appropriate, the Court concludes that Plaintiff's interpretation of the Court's orders is unreasonable and ignores the plain language of the Court orders. When Plaintiff asked the Court to order Defendants to take his deposition by the alternative methods he proposes, the Court found that Plaintiff does not qualify for an exception to the default rule that a party appear in person in the forum district where he chose to sue. ECF No. 69. When Plaintiff moved to reconsider that Order, the Court applied the standard for reconsideration and denied Plaintiff's motion. ECF No. 75. The Court ordered: "Plaintiff must appear in person in Spokane, Washington, for his deposition." ECF No. 75 at 4. Plaintiff obtained a medical opinion only after the Court's repeated orders regarding his live attendance at a deposition in Spokane. Yet, the doctor's letter concludes without any explanation that Plaintiff's travel must be limited to Nevada for an undefined period of time. *See* ECF No. 82. Plaintiff inexplicably extrapolates from that letter that such a travel restriction is necessary to maintain his current health regimen, without providing any basis for why that regimen cannot be maintained during a brief trip to Spokane, at Defendants' expense. *See id.*

Therefore, Plaintiff's repeated actions and words indicate willfulness and bad faith rather than mistake. Having determined that terminating sanctions are available in these circumstances, *Computer Task Group*, 364 F.3d at 1115, the

Court proceeds to analyze whether the balance of the relevant factors makes dismissal appropriate.

*Expeditious resolution of litigation and the Court's need to manage its docket*

Given that Plaintiff has violated at least two orders of the Court, ECF Nos. 69 and 75, the first two factors weigh in favor of dismissal. *Computer Task Group*, 364 F.3d at 1115.

The Court has overseen this case since 2016, which has involved: screening five complaints and directing service of Plaintiff's fifth amended complaint, ECF Nos. 8, 10, 30, 34, and 37; and resolving three motions to reconsider from Plaintiff, ECF Nos. 30, 55, and 75; two motions for a protective order from Plaintiff, ECF Nos. 23 and 69; and a motion to disqualify the undersigned based on Plaintiff's disagreement with the Court's resolution of motions in this matter, ECF No. 86. The Court's objective throughout has been to facilitate deciding the case on the merits of issues that are in dispute. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1227 (9th Cir. 2006). In addition to the parties' and the Court's interests in resolving this matter, the Court is further cognizant that "the public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

However, Plaintiff's recalcitrance regarding making himself available as required for deposition, without ever showing that there are circumstances that make it impossible for him to do so, has severely hindered the Court's ability to move this case toward an orderly disposition at trial or through a motion for summary judgment. The Court finds that the public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh heavily in favor of terminating sanctions.

*Risk of prejudice to Defendants*

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). "The law . . . presumes prejudice from undue delay." *In re PPA Prods. Litig.*, 460 F.3d at 1227.

The record in this matter strongly supports that Plaintiff's refusal to comply with discovery rules and orders has greatly impeded Defendants' ability to prepare for and defend themselves in this case, and has effectively prevented Defendants from engaging with Plaintiff in a search for the truth regarding Plaintiff's allegations. The discovery deadline already passed, on March 1, 2019, and Defendants are unable to draft summary judgment motions or make any other pretrial preparations. *See* ECF Nos. 56 and 87. The prejudice to Defendants' ability to prepare for trial favors terminating sanctions in this matter.

*Disposition on the merits.* While our jurisprudence favors disposition of cases on their merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228. Therefore, although this factor weighs against dismissal, it "lends little support" to Plaintiff, as the party who fell short of his responsibility to participate in the discovery process to move this case forward. *See Allen v. Exxon Corp. (In re Exxon Valdez)*, 102 F.3d 429, 433 (9th Cir. 1996).

*Availability of less drastic sanctions*

This factor implicates three sub-considerations: "whether the court considered lesser sanctions, whether it tried lesser sanctions, and whether the court warned the disobedient party." *Loop Ai Labs*, 2017 U.S. Dist. LEXIS 34109 at * 35 (citing *Valley Eng's Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Courts are not required to try lesser sanctions. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1229. Here, the Court does not find any lesser sanction feasible. Moreover, Plaintiff has been expressly warned that a sanction as severe as dismissal could result if he failed to appear in person in Spokane to be deposed by Defendants as scheduled. ECF No. 75; *see also Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) (finding that "a judge's warning to a party that a future failure to obey a court order will result in [a terminating sanction] can itself suffice to meet the 'consideration of alternatives' requirement.") (quoting *Malone*

*v. United States Postal Service*, 833 F.2d 128, 133 (9th Cir. 1987)).  Given that Plaintiff has continued, in the face of warnings from the Court and Defendants, to disregard the requirements of the pretrial discovery process regarding his deposition and has violated court orders managing that process, the Court has no ground upon which to find that additional lesser sanctions would be effective.  Therefore, this factor favors dismissal.

Finally, with respect to due process considerations, the Court finds that terminating sanctions are "just" and "specifically related to the particular 'claim,'" which was at issue in the order to provide discovery."  *See Wyle*, 709 F.2d at 591.  Defendants' attempts to depose Plaintiff related to moving forward toward a just resolution of all remaining claims in this action.

In conclusion, this case presents the extreme circumstances that warrant dismissal as the appropriate sanction for Plaintiff's decisions to disregard his obligations as a litigant, as ordered by the Court, and as required by the discovery rules.  In effect, Plaintiff's conduct has interfered with the opportunity to proceed to a "rightful decision of the case."  *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss for Failure to Comply with Court Orders, **ECF No. 77**, is **GRANTED**.

2. Plaintiff's Fifth Amended Complaint, ECF No. 37, is **DISMISSED WITH PREJUDICE**.

3. Judgment shall be entered for Defendants.

4. All pending hearings and deadlines are **STRICKEN**, and any pending motions are **DENIED AS MOOT**.

The District Court Clerk is directed to enter this Order, provide copies to Plaintiff and counsel, and **close the file**.

**DATED** April 8, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge